UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ALBERT STANLEY,**<br><br>                              Plaintiff,<br><br>-vs-<br><br>**FIRSTSOURCE ADVANTAGE, LLC,**<br><br>                              Defendant. | *Civil Action No.* _____ |

## COMPLAINT & DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff Stanley brings this action for actual and statutory damages resulting from the Defendant's various violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), a law that prohibits debt collectors from using abusive, deceptive, and unfair practices in an attempt to collect a debt.

### JURISDICTION & VENUE

2. This honorable Court possesses jurisdiction over this matter pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Additionally, venue in this district arises pursuant to 28 U.S.C. §1391(b) since the Defendant transacts business here and the conduct complained of occurred here.

### PARTIES

4. Plaintiff Albert Stanley is a natural person residing in the County of Erie, State of New York, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant FirstSource Advantage, LLC, (hereinafter "FirstSource") is a domestic limited liability company organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. The acts of the Defendant alleged hereinafter were performed by its employees while acting within the scope of Defendant's actual or apparent authority.

7. Any and all references to a "Defendant" herein shall include the Defendant or an employee of said Defendant.

## **F**ACTUAL **A**LLEGATIONS

8. That Plaintiff Albert Stanley allegedly incurred and later allegedly defaulted on a debt to First Niagara Bank. Said alleged debt will hereinafter be referred to as "the subject debt."

9. That upon information and belief, the subject debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5), as it allegedly arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

10. That upon information and belief, Defendant FirstSource was employed by First Niagara Bank to collect the subject debt and began making repeated and continuous telephone calls to his home telephone shortly thereafter.

11. That on at least one occasion, Plaintiff Stanley informed Defendant FirstSource that he disputed liability for the subject debt, explained that the only account he possessed with First Niagara Bank was a home equity loan which was current, and requested that Defendant refrain from calling his telephone. However, Defendant insisted that Plaintiff was "obligated" to pay the subject debt, threatened that his failure to pay would result in "drastic measures to recover the debt," and that the calls to his telephone would continue until the debt was paid.

12. That Defendant FirstSource meant, and Plaintiff Stanley understood, the aforementioned representations of Defendant to mean that Plaintiff would either be sued to recover payment of the debt or have his home equity loan negatively affected.

13. That Plaintiff Stanley contacted First Niagara Bank following the conclusion of one call with the Defendant to inquire into the origin of the subject debt and was notified that his only account with the bank was current.

14. That following his discussion with First Niagara Bank, Plaintiff Stanley contacted Defendant FirstSource to communicate the information he was given. However, Defendant simply rejected Plaintiff's effort to communicate the basis for his dispute and informed Plaintiff Stanley "You owe the money, so no matter what you're going to have to pay," *(or words to that effect)*.

15. That Defendant has continued to call Plaintiff Stanley up to the date of this filing.

16. That as a result of Defendant's unlawful conduct, Plaintiff Stanley became very worried, upset and suffered from emotional distress.

## CAUSE OF ACTION

17. The aforementioned acts and omissions of the Defendant have violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

18. Defendant violated 15 U.S.C. §1692d, 15 U.S.C. §1692d(2) and 15 U.S.C. §1692f by using language the natural consequence of which was to abuse Plaintiff Stanley, by:

    a. Insisting that Plaintiff was "obligated" to pay the subject debt,

    b. Threatening that Plaintiff's failure to pay would result in "drastic measures to recover the debt,"

    c. Declaring that the Defendant's repeated telephone calls to his telephone would continue unless Plaintiff paid the subject debt, and

    d. Telling Plaintiff, "You owe the money, so no matter what you're going to have to pay," *(or words to that effect)*.

19. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly and continuously causing Plaintiff's telephone to ring with the intent to annoy, abuse and harass.

20. Defendants violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10) and 15 U.S.C. §1692f by using false, misleading and/or deceptive representations in an attempt to collect the subject debt by falsely leading Plaintiff to believe that Defendant had the intent and authority to either sue him or negatively affect his home equity loan to recover the subject debt.

21. Defendants violated 15 U.S.C. §1692f and 15 U.S.C. §1692f(1) by attempting to collect a debt that they were not authorized by agreement or by law to collect.

22. Because of the Defendant's various aforementioned violations of the FDCPA, Plaintiff Stanley suffered from emotional distress and incurred out of pocket expenses.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Stanley respectfully requests that this honorable Court enter judgment against the Defendant for:

(a) Actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

(b) Statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A);

(c) Costs and disbursements of this action, together with reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); *and*

(d) For any and all additional relief as this honorable Court may deem just and proper.

## JURY DEMAND

Please take notice that Plaintiff Stanley demands a trial by jury in this action.

Date: July 12, 2010                                   /s/Frank J. Borgese
                                                  Frank J. Borgese, Esq.
                                                  Graham Law, P.C.
                                                  *Attorneys for the Plaintiff*
                                                  1207 Delaware Ave., Suite 202
                                                  Buffalo, New York 14209
                                                  fborgese@grahamlawpc.com
                                                  716.200.1520